# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

VASHTI NELSON,                     )
MICHAEL JONES, JR., and            )
MICHAEL JONES,                     )
                                   )
    Plaintiffs,            )
                                   )
v.                                 )          CV420-073
                                   )
KILOLO KIJAKAZI,                   )
                                   )
    Defendant.             )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Vishti Nelson, Michael Jones, Jr., and Michael Jones filed a Complaint against the Acting Commissioner of Social Security asking the Court to review the final denial of Michael Jones, Jr.'s supplemental security income. Doc. 1. Since they are proceeding *in forma pauperis*, the Court conducted an initial screening of the Complaint, approved it for service, and directed the United States Marshal to effect service on the defendant. *See generally* doc. 5. On November 2, 2021, the Commissioner answered and filed a transcript of the proceedings before the Social Security Administration. Docs. 9 & 10. Pursuant to the Court's General Order for Social Security Appeals for Pro

1

Se Litigants, Plaintiffs were required to serve and file their initial brief within thirty days of the Commissioner's filings, or by December 2, 2021. *See* doc. 4 at 2. They did not. *See generally* docket. Over six months have passed since the Plaintiff's brief was due.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, this case should be **DISMISSED** for plaintiffs' failure to comply with the Court's Order.[1]

---

[1] Should Plaintiffs wish to pursue this case, the fourteen-day objections period discussed below affords them an opportunity to revive it. To do so, they must move for an extension of their briefing deadline and demonstrate good cause for their failure to meet it in the first place. *See* doc. 4 at 4 ("[R]equests to modify this Order must be made by written motion and will be granted only for good cause."). If they make such a motion, the Commissioner will be afforded fourteen days to respond. *See* S.D. Ga. L. Civ. R. 7.5.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

   **SO REPORTED AND RECOMMENDED,** this 30th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA